8 F.3d 32
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Franklyn Gene PERRY, Defendant-Appellant.
 No. 92-16696.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Oct. 1, 1993.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Franklyn G. Perry, a federal prisoner, appeals pro se the district court's order denying his Fed.R.Civ.P. 60(b) motion for reconsideration of the denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Perry was convicted of mail fraud, attempt to evade income taxes, and obstruction of a criminal investigation. We review the district court's denial of Perry's Rule 60(b) motion for an abuse of discretion. See Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Perry contends that the district court erred by denying his motion to reconsider the conflict of interest issue raised in his § 2255 motion. This contention lacks merit.
 
 
 4
 "An appeal from the denial of a Rule 60(b) motion brings up the denial of the motion for review, not the merits of the underlying judgment." Id. Pursuant to Rule 60(b), a court may relieve a party from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of the judgment. See Fed.R.Civ.P. 60(b). A defendant claiming ineffective assistance of counsel based on counsel's alleged conflict of interest must show (1) that counsel actively represented conflicting interests, and (2) that an actual conflict of interest adversely affected counsel's performance. Cuyler v. Sullivan, 446 U.S. 335, 350 (1980).
 
 
 5
 Perry appeals from the district court's denial of his Rule 60(b) motion. He also appealed from the denial of his § 2255 motion, but that appeal was dismissed for failure to prosecute. The notice of appeal in the instant action is timely from the Rule 60(b) motion only. Thus, the only issue for review by this court is whether the district court abused its discretion by denying Perry's Rule 60(b) motion for reconsideration. See Floyd, 929 F.2d at 1400.
 
 
 6
 The district court denied Perry's Rule 60(b) motion because he did not establish any ground for relief from judgment. As the district court stated, Perry's Rule 60(b) motion primarily sought reconsideration of the merits of his § 2255 motion. The merits of Perry's § 2255 motion, however, are not properly before this court. See id. On appeal, Perry argues that the district court overlooked an aspect of the conflict of interest issue raised in his § 2255 motion. Specifically, Perry appears to contend that because his attorney, Serra, was assigned a lucrative lawsuit to defend Oral Roberts University ("ORU") against tax evasion charges by the government, Serra refused to explore a plea bargain in Perry's lawsuit. Thus, Perry appears to argue that Serra's role in the ORU suit as an adversary against the government resulted in Serra's refusal, or hesitation, to bargain with the government in Perry's case.
 
 
 7
 The district court held a separate hearing on the alleged conflict of interest issue raised in Perry's § 2255 motion. The district court found that no conflict existed under the standard set forth in Cuyler. Further, Perry's opening brief and Rule 60(b) motion do not show (1) that Serra actively represented conflicting interests, or (2) that those interests prejudiced the defense. See Cuyler, 446 U.S. at 348, 350 (1980). Accordingly, we conclude that the district court did not abuse its discretion by denying the Rule 60(b) motion. See Floyd, 929 F.2d at 1400.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3